IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ALIREZA BAKHTIARI**<br>Plaintiff,<br><br>vs.<br><br>**Missouri College**<br>1405 South Hanley Road<br>Brentwood, MO   63144<br>(corporate)<br>Defendant<br><br>**Career Education Corporation**<br>2895 Greenspoint Parkway<br>Suite 600<br>Hoffman Estates, IL 60169<br>(corporate)<br>Defendant | **Cause No.: 10-CV-**<br>**Jury Trial Requested** |

## COMPLAINT

Plaintiff, Alireza Bakhtiari, in *Pro Se*, sets forth his Petition, as follows:

### Introduction

1. Plaintiff, Alireza Bakhtiari ("Bakhtiari"), is an Iranian national, and is not domiciled in any state in the United States.

2. Missouri College is a perpetual corporation, doing business within the state of Missouri, with the power to sue, and be sued.

3. Career Education Corporation ("CEC") is a perpetual corporation, doing business within the state of Missouri, with the power to sue, and be sued.

4. This is a Missouri law action for damages caused by Defendants' breach of contract and tort of defamation.

### Jurisdiction

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1343 (Civil Rights), 28 U.S.C. § 1337 (Acts of Congress regulating commerce).

### Venue

6. This action lies properly in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b) as the unlawful practices complained of herein occurred within the Eastern District of Missouri.

### Statutes of Limitation

3. All claims asserted herein have statute of limitation of 2 years in the state of Missouri. This complaint is within the timely limitation allowed.

### Liability Insurance

7. Plaintiff has no knowledge of any liability insurance that any of Defendants might carry for the claims asserted in this action.

### Damages

8. As of the day of filing this action, the <u>actual</u> damages caused by the actions complained of, reach a minimum estimate of $ 500,000.

### Early Resolution

9. Plaintiff provided ample opportunities to Defendants to bring these claims to resolution prior to filing. Plaintiff's efforts failed.

### FACTS COMMON TO ALL COUNTS

10. Plaintiff was invited by Missouri College to join their faculty in business management department on or about November 2008.

11. Plaintiff left Missouri College on or about April 2009 to pursue other teaching and research opportunities.

12. Plaintiff and Missouri College were in a pre-litigation stage in the Missouri Commission on Human Rights ("MCHR") for an employment rights dispute. Those claims were resolved utilizing the in-house mediation program of MCHR.

13. Plaintiff also sued one of the department chairs of Missouri College, Ms. Patricia Frank ("Frank"). Frank, who was married at the time, had an affair with Plaintiff for a month. Plaintiff sued Frank for malicious prosecution, which was also resolved by intervention of Missouri College for the benefits of a global release.

14. In the two settlement documents, mentioned above, Plaintiff and Missouri College and Frank executed explicit non-disparagement clauses.

15. During 2010, several students and alumni from Missouri College and other subsidiaries of CEC telephoned and emailed Plaintiff inquiring if Plaintiff would offer them job opportunities in Las Vegas (Nevada). These students emailed their **nude photographs** to Plaintiff and proposed themselves to Plaintiff to be recruited as massage therapists or dancers in Las Vegas.

16. Plaintiff insisted to each student that he was not, in any way, in connection to massage therapy, dance or any other type of recruitment in Las Vegas. Plaintiff holds an office in Las Vegas-Nevada which serves patent litigation for pharmaceutical industries.

17. After numerous of such phone calls and emails, Plaintiff wrote a letter to the legal counsel of Missouri College (headquartered at Career Education Corporation) and warned the Defendants of possible dissemination of false information or job-postings

on their campuses, which would give rise to students or alumni seeking such employments from Plaintiff.

18. On or about August 2010, Plaintiff was contacted by the St. Louis County (Missouri) Prosecutor to testify as a fact witness against Frank and her husband in a felony trial of Frank and her husband in St. Louis County. Plaintiff appeared and delivered testimony.

19. On or about August 2010, Plaintiff was contacted by the Lincoln County (Missouri) Prosecutor to testify as a fact witness against Frank and her husband in a felony trial of Frank and her husband in Lincoln County. Plaintiff appeared and delivered testimony.

20. On or about August 2010, Plaintiff was contacted by the Litigation Unit of the Department of Homeland Security to testify as a fact witness against Frank's husband in his deportation proceedings. Plaintiff appeared and delivered testimony.

21. **In a mater of only days after Plaintiff testified against Frank and her husband,** on or about September 20, 2010 Defendants published a maliciously defamatory letter to KSDK 5 St. Louis, FOX 2 KTVI St. Louis, KMOV 4 St. Louis, KPLR 11 St. Louis and St. Louis Post Dispatch which also reached many other press organizations. In this letter defendants attack Plaintiff's character and accuse him of trafficking women including female students for sex **(Exhibit 1)**.

22. Particularly, in the third paragraph of this letter defendants state:

**"Mr. Ali Bakhtiari (operating under Yantra Group Inc.) is a former Missouri College instructor. After leaving Missouri College Bakhtiari established a Las Vegas based business which includes recruiting and trafficking young women from St. Louis area to Las Vegas for erotic services.**

4

> **This business recruits Missouri College alumni and students in solicitous and erotic services. Such employments do not happen through Missouri College. Mr. Bakhtiari is responsible for the solicitous activities of his own employees even if they are Missouri College alumni or students."**

23. Particularly, in the fourth paragraph of this letter defendants state:

> **"Missouri College denies any ties to Mr. Bakhtiari and his questionable business activities."**

24. The calumnious statements in this letter are false. This letter is published with calculated intent and malice. Defendants published this letter in retaliation to Plaintiff's earlier litigations against them, also in retaliation to Plaintiff's testimony in Frank's criminal trials.

25. Plaintiff has been bombarded with contacts and questions from the press since the day of publication of this letter to the media and he is currently living under the stigma caused by this letter.

26. Defendants were fully aware of Plaintiff's cardiac conditions and his lack of ability to endure such stresses and other consequences of this action. But still, knowingly, they proceeded with their plan.

27. Plaintiff's medical conditions, income and life style have been directly and substantially impacted by defendants' actions.

### COUNT I: LIBEL TO St. Louis Post Dispatch

### (Missouri Law- All Defendants)

28. Defendants published the defamatory statements.

29. The publication identifies Plaintiff.

30. The statements are false and inaccurate.

5

31. The publications were made maliciously and with calculated intent.

32. As a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

   a. Compensatory damages for his actual damages

   b. His litigation fees and the costs and expenses of this action;

   c. Punitive damages, and

   d. Such other relief as the Court deems just and equitable.

### COUNT II: BREACH OF CONTRACT- LIBEL TO St. Louis Post Dispatch

### (Missouri Law- All Defendants)

33. There was a binding agreement between Plaintiff and Defendants.

34. The rights of the plaintiff and obligations of the defendants under the terms of that agreement were clear and known to both parties.

35. Defendants breached that agreement.

36. Plaintiff's suffers damages stemming from that breach.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

   a. Compensatory damages for his actual damages

   b. His litigation fees and the costs and expenses of this action;

   c. Punitive damages, and

   d. Such other relief as the Court deems just and equitable.

### COUNT III: LIBEL TO KSDK 5 St. Louis

### (Missouri Law- All Defendants)

37. Defendants published the defamatory statements.

38. The publication identifies Plaintiff.

39. The statements are false and inaccurate.

40. The publications were made maliciously and with calculated intent.

41. As a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

    a. Compensatory damages for his actual damages

    b. His litigation fees and the costs and expenses of this action;

    c. Punitive damages, and

    d. Such other relief as the Court deems just and equitable.

### COUNT VI: BREACH OF CONTRACT- LIBEL TO KSDK 5 St. Louis

### (Missouri Law- All Defendants)

42. There was a binding agreement between Plaintiff and Defendants.

43. The rights of the plaintiff and obligations of the defendants under the terms of that agreement were clear and known to both parties.

44. Defendants breached that agreement.

45. Plaintiff's suffers damages stemming from that breach.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

    a. Compensatory damages for his actual damages

    b. His litigation fees and the costs and expenses of this action;

    c. Punitive damages, and

    d. Such other relief as the Court deems just and equitable.

### COUNT V: LIBEL TO FOX 2 KTVI St. Louis

### (Missouri Law- All Defendants)

46. Defendants published the defamatory statements.

47. The publication identifies Plaintiff.

48. The statements are false and inaccurate.

49. The publications were made maliciously and with calculated intent.

50. As a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

    a. Compensatory damages for his actual damages

    b. His litigation fees and the costs and expenses of this action;

    c. Punitive damages, and

    d. Such other relief as the Court deems just and equitable.

### COUNT VI: BREACH OF CONTRACT- LIBEL TO FOX 2 KTVI St. Louis

### (Missouri Law- All Defendants)

51. There was a binding agreement between Plaintiff and Defendants.

52. The rights of the plaintiff and obligations of the defendants under the terms of that agreement were clear and known to both parties.

53. Defendants breached that agreement.

54. Plaintiff's suffers damages stemming from that breach.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

    a. Compensatory damages for his actual damages

    b. His litigation fees and the costs and expenses of this action;

    c. Punitive damages, and

    d. Such other relief as the Court deems just and equitable.

### COUNT VII: LIBEL TO KMOV 4 St. Louis

### (Missouri Law- All Defendants)

55. Defendants published the defamatory statements.

56. The publication identifies Plaintiff.

57. The statements are false and inaccurate.

58. The publications were made maliciously and with calculated intent.

59. As a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

    a. Compensatory damages for his actual damages

    b. His litigation fees and the costs and expenses of this action;

    c. Punitive damages, and

    d. Such other relief as the Court deems just and equitable.

### COUNT VIII: BREACH OF CONTRACT- LIBEL TO KMOV 4 St. Louis

### (Missouri Law- All Defendants)

60. There was a binding agreement between Plaintiff and Defendants.

61. The rights of the plaintiff and obligations of the defendants under the terms of that agreement were clear and known to both parties.

62. Defendants breached that agreement.

63. Plaintiff's suffers damages stemming from that breach.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

    a. Compensatory damages for his actual damages

    b. His litigation fees and the costs and expenses of this action;

    c. Punitive damages, and

    d. Such other relief as the Court deems just and equitable.

### COUNT IX: LIBEL TO KPLR 11 St. Louis

### (Missouri Law- All Defendants)

64. Defendants published the defamatory statements.

65. The publication identifies Plaintiff.

66. The statements are false and inaccurate.

67. The publications were made maliciously and with calculated intent.

68. As a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

    a. Compensatory damages for his actual damages

    b. His litigation fees and the costs and expenses of this action;

    c. Punitive damages, and

    d. Such other relief as the Court deems just and equitable.

### COUNT X: BREACH OF CONTRACT- LIBEL TO KPLR 11 St. Louis
### (Missouri Law- All Defendants)

69. There was a binding agreement between Plaintiff and Defendants.

70. The rights of the plaintiff and obligations of the defendants under the terms of that agreement were clear and known to both parties.

71. Defendants breached that agreement.

72. Plaintiff's suffers damages stemming from that breach.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

    a. Compensatory damages for his actual damages

    b. His litigation fees and the costs and expenses of this action;

    c. Punitive damages, and

    d. Such other relief as the Court deems just and equitable.

Dated: October 1st 2010

Respectfully Submitted

*[signature]*

Alireza Bakhtiari, Plaintiff in *Pro Se*
PO Box 1142
Granite City IL-62040
Mobile Phone:314-277-1958
Email: al_bakt@hotmail.com

11